**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Milton Henry DALLAS, Defendant-Appellant.**

**No. 18577.**

United States Court of Appeals
Sixth Circuit.

Nov. 14, 1969.

Robert H. Gorman (Court Appointed), Cincinnati, Ohio, for appellant.

Joseph P. Zanglin, Detroit, Mich., Robert J. Grace, U. S. Atty., Detroit, Mich., on brief, for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment and sentence for aiding and abetting in armed bank robbery in violation of 18 U.S.C. §§ 2(a), 2113(a) and (d).

The case was tried before a District Judge in the Eastern District of Michigan on waiver of jury trial. On appeal one issue is presented: whether the evidence is sufficient to establish that appellant was an aider and abettor as defined in Title 18 U.S.C. § 2(a). This section reads:

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2 (a) (1964).

■ Appellant contends that under this section the accused must have knowledge of the criminal plan and must consciously share in the criminal act. Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949); United States v. Luxenberg, 374 F.2d 241 (6th Cir. 1967). We agree.

■ Appellant also contends, and we also agree, that testimony of an accomplice in a criminal trial should be received with great caution. Ward v. United States, 296 F.2d 898 (5th Cir. 1961).

■ The principal government witness, Diane Joyce Sutherland, testified at this trial that she had robbed the bank. She also testified that she had pled guilty to the bank robbery and was then awaiting sentence, but had been promised nothing for her testimony in Dallas' case. She also testified that in robbing the bank she used Dallas' gun, that Dallas drove her to the bank, that Dallas went into the bank with her, that he had written the holdup note and had given her the bag to put the money in, and that while she was robbing one teller, Dallas was in the bank talking to another. She said when she got out of the bank and went to the car, she saw Dallas coming, but he waved her to go ahead.

Dallas also testified. He admitted driving Diane Sutherland to the bank and going into the bank on the day of the robbery. He said he had gone there to check on a closed account about which the bank had written him, claiming an overdraft. He said he saw Diane Sutherland take the money from the teller and leave. He said he walked out of the bank after her and saw a man following her. Dallas testified that she looked back and "I motioned her to leave." Dallas claims that he was not aware that Diane Sutherland was going to rob the bank, but he admitted that he wrote the note which Diane Sutherland handed the teller demanding the money. His testimony did not really deny that the gun Diane used was his gun, but he did imply that she used it without his knowledge or permission.

There are a number of other witnesses who gave corroborative testimony. An auto dealer testified that he had sold Dallas the 1963 Cadillac Convertible in which Sutherland was arrested with the loot from the bank. A cab driver testified to seeing Dallas wave (apparently the wave which told Sutherland to drive on) and had thought he was hailing a cab. He was surprised when Dallas walked right by his cab when he had pulled to the curb, but then saw the police surround the Cadillac. He watched Dallas for two or three minutes standing in a parking lot, and then saw him run away. The bookkeeper whom Dallas had talked to in the bank testified that she went to get the record of his account and that Dallas was gone by the time she got back. She also testified that he was calm when he came in, but when she couldn't find his account record, he got impatient.

Our review of this transcript convinces us that there was ample evidence for the District Judge to conclude that Dallas had indeed aided and abetted in the commission of this bank robbery by associating himself with the venture and by actions designed to make it succeed. *See* Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766 (1949).

The judgment of the District Court is affirmed.