UNITED STATES of America, Plaintiff-Appellee,

v.

Joseph Lee BUTLER, Defendant-Appellant.

No. 79–5338.

United States Court of Appeals, Sixth Circuit.

Argued April 14, 1980.

Decided May 30, 1980.

Jerry Foster, Chattanooga, Tenn., for defendant-appellant.

John H. Cary, U. S. Atty., John C. Cook, Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff-appellee.

Before EDWARDS, Chief Judge, and CELEBREZZE and MARTIN, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

The defendant, Joseph Lee Butler, was convicted by a jury of aiding and abetting John E. Justice, Jr., in the kidnapping of Laura Flegel, in violation of 18 U.S.C. §§ 1201(a)(1) and 2. Butler contends that the evidence was insufficient to sustain his conviction and that the government failed to overcome his defense of coercion. Justice's conviction on the same charges was recently affirmed by this Court. *U. S. v. Justice*, 615 F.2d 1363 (6th Cir. 1980).

Butler became involved in the kidnapping of Ms. Flegel when Justice picked him up on an interstate highway north of Sikeston, Missouri. Justice had placed the victim in the trunk of her automobile, yet Butler did not learn of her presence until they reached Tennessee.

We have held that to be an aider and abettor "the accused must have knowledge of the criminal plan and must consciously share in the criminal act." *United States v. Dallas*, 418 F.2d 221, 222 (6th Cir. 1969). Here, the jury justifiably convicted Butler of aiding and abetting in the kidnapping from the following facts: Butler shot Justice's sawed-off shotgun and had it in his possession several times; Butler angrily told Ms. Flegel not to move around in the trunk; Butler told Justice that having come this far with the abduction that the ransom sounded fine to him; Butler cashed a $200 money order taken from Ms. Flegel and divided the proceeds with Justice; and Butler helped make the hole made with bales of hay where Ms. Flegel was hidden by the two men. Butler thus consciously participated in the criminal act as something he wished to succeed. He not only knew what was going on but also hoped to share in the rewards.

As for Butler's defense of coercion on the part of Justice, it was not shown that Butler feared for his life or well-being, nor can it be said that he lacked opportunity to escape. Butler knew of the abduction once they arrived in Memphis where he visited his sister. There he introduced Justice as an "old Army buddy." Near Jackson, Tennessee, Justice and Butler were apprehended for speeding, but Butler failed to alert the police officer as to Ms. Flegel's predicament. Justice soon eluded the officer by driving into a wooded area. The three of them were caught by surprise when a car approached them in the woods, but again Butler did not attempt to escape. When they reached eastern Tennessee, Butler went into a bank to cash a money order taken from Ms. Flegel. He and Justice also played pool in a local bar after hiding Ms. Flegel in a nearby barn. Thus, Butler has failed to "show a reasonable fear of death or serious bodily injury [or] the absence of a reasonable opportunity to escape or avoid the threatened danger (Citations omitted)." *United States v. Saettele*, 585 F.2d 307 (8th Cir. 1978), *cert. denied*, 440 U.S. 910, 99 S.Ct. 1220, 59 L.Ed.2d 458 (1979). Butler's defense of coercion must therefore fail.

The judgment of the district court is hereby affirmed.